IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LESTER GILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| | ) 4:20-cv-00235-RSB-CLR |
| v. | ) |
| | ) |
| PHILADELPHIA EXPRESS TRUST, | ) |
| HAPAG-LLOYD USA, LLC and | ) |
| MARINE TRANSPORT | ) |
| MANAGEMENT | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, PHILADELPHIA EXPRESS TRUST, HAPAG-LLOYD USA, LLC and MARINE TRANSPORT MANAGEMENT, (collectively "Defendants"), and by and through their undersigned counsel of record, herewith file their Answer to Plaintiff's Complaint and show this Court as follows:

### FIRST AFFIRMATIVE DEFENSE

As set forth in Defendants' Motion to Dismiss that was filed prior to this Answer, Plaintiff's Complaint fails to state a claim upon which relief can be granted and must, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law claims fail to state a claim upon which relief may be granted because of Georgia's COVID-19 Pandemic Business Safety, O.C.G.A. § 51-16-1, *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with the required specificity under Rule 9(b).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot causally prove that any alleged COVID exposure came from his time onboard the vessel.

### SIXTH AFFIRMATIVE DEFENSE

No acts or omissions by Defendants, their agents, workers or employees proximately caused any injuries or damage to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Should Defendants be liable to Plaintiff, which liability is specifically denied, Defendants would be entitled to a set off for all sums of money received or available from, or on behalf of, any other party for the same damages alleged in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Plaintiff's comparative negligence. Defendants assert that the alleged incident and damages, if any, complained of in Plaintiff's Complaint resulted solely and proximately from the fault and negligence, or either, of Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendants deny that the incident, which is the subject of this action, occurred as alleged in Plaintiff's Complaint. In the alternative, Defendants state that if it is determined that fault

be assessed, the possible negligent acts or omissions of other persons or parties were the direct and proximate cause of some or all of the damage alleged in Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent the evidence should show that Plaintiff by ordinary care could have avoided the consequences to himself caused by any alleged negligence on the part of Defendants (any such negligence being expressly denied), Plaintiff would not be entitled to recover, or any recovery would be subject to reduction. Specifically, without limiting the generality of the foregoing, Defendants affirmatively plead and preserve the defenses of contributory negligence, comparative fault, assumption of the risk and the doctrine of avoidance.

### TWELFTH AFFIRMATIVE DEFENSE

Prior to turning over the M/V PHILADELPHIA EXPRESS for stevedoring operations, Defendants conducted a reasonable inspection of the vessel and its appurtenances and discovered no hazard or defects, thereby satisfying their responsibility to exercise ordinary care to turn over the vessel to the stevedore in such condition that the stevedore could conduct cargo operations in a reasonably safe manner.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Defendants fully complied with any and all obligations to provide information to the relevant reporting agencies regarding the medical condition of their crew members.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants had no affirmative obligation to disclose any information to Plaintiff as alleged in his Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not articulated a cognizable injury because fear of catching COVID-19 does not state an injury sufficient to state a claim upon which relief can be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants will rely on any and all further defenses which may become available or appear during discovery proceedings during this action. Defendants hereby reserve the right to amend their Answer for the purpose of asserting such additional affirmative defenses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering the numbered paragraphs contained in Plaintiff's Complaint, Defendants respond as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and, therefore, denies said allegations.

2.

Defendant deny the allegations as alleged in paragraph 2 of Plaintiff's Complaint. By way of further answer, Defendant Philadelphia Express Trust is a Delaware statutory trust organized and existing under the laws of the State of Delaware. Defendants deny the remaining allegations contained within paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained within paragraph 3 of Plaintiff's Complaint. By way of further answer, Hapag-Lloyd USA, LLC is a Delaware Limited Liability Company with a principal place of doing business in the State of New Jersey. Defendants deny the remaining allegations contained within paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny the allegations contained within paragraph 4 of Plaintiff's Complaint. By way of further answer, Marine Transport Management, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of doing business in the State of Florida. Defendants deny the remaining allegations contained within paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit only that Defendant Philadelphia Express Trust owns the PHILADELPHIA EXPRESS which is managed and crewed by Marine Transport Management. Defendants deny the remaining allegations contained within paragraph 5 of Plaintiff's Complaint.

6.

Defendants admit that Plaintiff alleges that he suffered injuries on a navigable body of water, but denies the remaining allegations contained within paragraph 6 of Plaintiff's Complaint. Defendants deny that Plaintiff has alleged any injuries that are recognized by law.

7.

Defendants admit only that Plaintiff purports to bring this cause of action under Georgia law, but that any claim is preempted by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

8.

Defendants deny the allegations contained within paragraph 8 of Plaintiff's Complaint. By way of further answer, the appropriate jurisdiction and venue lies with the United States District Court for the Southern District of Georgia, Savannah Division.

## II. FACTUAL ALLEGATIONS

9.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, deny said allegations.

10.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, deny said allegations.

11.

Defendants admit the allegations contained within paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained within paragraph 12 of Plaintiff's Complaint. By way of further answer, Defendant Marine Transport captained and crewed the subject vessel. Defendants deny the remaining allegations contained within paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit the allegations contained within paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained within paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained within paragraph 15 of Plaintiff's Complaint. By way of further answer, Defendants state that the authorities were alerted as to the situation.

16.

Defendants deny the allegations contained within paragraph 16 of Plaintiff's Complaint.

### III. CAUSES OF ACTION
#### A. Fraud and Deceit

17.

Defendants deny the allegations contained within paragraph 17 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained within paragraph 18 of Plaintiff's Complaint.

19.

Defendants deny the allegations contained within paragraph 19 of Plaintiff's Complaint.

In response to the final, unnumbered paragraph of Plaintiff's Complaint, beginning "WHEREFORE," Defendants deny that Plaintiff is entitled to judgment or damages in any amount whatsoever from or against it. Defendants deny that Plaintiff is entitled to the relief sought in Plaintiff's prayer for relief or to any relief whatsoever from Defendants.

To the extent not heretofore expressly and specifically admitted, modified or denied, Defendants deny any and all remaining allegations contained in Plaintiff's Complaint. Any allegations contained in Plaintiff's Complaint not specifically admitted or denied are hereby denied.

This 30th day of September, 2020.

BOUHAN FALLIGANT, LLP

/s/ Todd M. Baiad
TODD M. BAIAD
Georgia Bar No: 031605
LUCAS D. BRADLEY
Georgia Bar No: 672136
*Attorneys for Defendants Philadelphia Express Trust, Hapag-Lloyd USA, LLC and Marine Transport Management*

One West Park Avenue (31401)
P.O. Box 2139
Savannah, GA 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LESTER GILKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: |
| | ) | 4:20-cv-00235-RSB-CLR |
| v. | ) | |
| | ) | |
| PHILADELPHIA EXPRESS TRUST, | ) | |
| HAPAG-LLOYD USA, LLC and | ) | |
| MARINE TRANSPORT | ) | |
| MANAGEMENT | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the following parties to this action have been served this day with a copy of the foregoing by regular U.S. mail, postage prepaid addressed as follows:

Brent J. Savage
SAVAGE TURNER DURHAM PINCKNEY & SAVAGE
Post Office Box 10600
Savannah, Georgia 31412

This 30th day of September, 2020.

BOUHAN FALLIGANT, LLP

/s/ Todd M. Baiad
TODD M. BAIAD
Georgia Bar No: 031605
LUCAS D. BRADLEY
Georgia Bar No: 672136
*Attorneys for Defendants Philadelphia Express Trust, Hapag-Lloyd USA, LLC and Marine Transport Management*

One West Park Avenue (31401)
P.O. Box 2139
Savannah, GA 31402-2139
Telephone: (912) 232-7000
Facsimile: (912) 233-0811
tmbaiad@bouhan.com
ldbradley@bouhan.com